The opinion of the Court was delivered by
Inglis, J.
The seventh section of the Act of September •21, 1866 — “To amend an Act entitled ‘An Act to establish District Courts’ ” — provides that the District' Judge “ shall be invested with power to examine and supervise all prosecutions, commitments and warrants of arrest commenced before or issued by any magistrate within his District, for any misdemeanor ; and it shall be his duty, upon application made to him, to examine into the merits of the same at any time before trial, and to direct the discontinuance thereof, on such terms and conditions as may seem to him most conducive to the ends of justice; and for this purpose he is authorized to summon before him the parties and such witnesses as may be necessary.”
James Bell, having been arrested under a warrant, issued by one of the magistrates for Darlington District, charging him with a misdemeanor, and having entered into a recognizance for his appearance to answer, applied by petition to E. A. Law, Esq., the District Judge, for an examination by the latter into the merits of the charge under the authority of this section. In conformity with the prayer of the petition in this behalf, witnesses were summoned, and the prosecutor and petitioner, with counsel on either side, attended for the purpose of the examination. In entering upon the proceeding, the Judge announced his understanding of the extent of power and authority conferred upon him by the Act in this particular, and the principles by which he would be governed in its .exercise. “He would not look with favor on such applications, unless the evidence was very satisfactory, and sufficient to remove from his mind every reasonable suspicion *11 of the guilt of the^accused, and if he entertained doubts of the innocence of the accused, it would be proper that the case should be investigated by a grand-jury.” * When the examination was closed, the petitioner) by his counsel, moved “ for a discontinuance of the prosecution,” which motion, after argument thereon, was refused. The petitioner insisted that he was entitled to the judgment of the District Judge “upon the merits of the case,” but the Judge, considering that he was not, by a proper construction of the Act, required to decide upon the guilt or innocence of the accused, but only as to the propriety of the discontinuance of the prosecution before it was submitted to a grand-jury, declined to do more than announce the result of his judgment upon the merits of the petitioner’s application. From this, determinar tion and action of the District Judge the petitioner ¡has appealed to this Court, and renews here the questions which were made below.
From the determination of the District Judge, refusing, upon examination had, to direct the discontinuance of the prosecution, no appeal to this Court is given by the Act, although great care is therein taken to secure the right of appeal from the judgment of the Court on various other matters over which jurisdiction is conferred; and on general principles, heretofore established, in the absence of such express grant, no appeal lies. Carmand vs. Wall, 1 Bail. 209; State vs. Friday, 4 Rich. 291; State vs. Bowen, 3 Strob. 573. In the view which this Court takes-of the proper construction of the section under the provisions of which the proceeding below was had, there would be as much propriety in granting an appeal from the presentment of a grand-jury.
In this, as in various other cotemporary statutes, the General Assembly was anxiously engaged in providing for the exigencies growing out of the disruption of our old social organization and the formation of new relations thereby rendered necessary. It was foreseen, as one of the probable *12 incidents of this change, that, far more than heretofore, there would be preferred accusations of the minor offences' that are either wholly groundless or at most frivolous or impolitic in their character, by the prompt discontinuance of which upon suitable conditions, where this seemed necessary, the public interest would be better subserved than by their public prosecution through the regular course of law. The section under review was designed to meet this necessity of our public condition, and the power therein conferred upon the District Judge to examine and supervise all prosecutions, commitments and warrants of arrest, is for the exercise of a wise discretion in reference to such design. He is to examine into the merits of the prosecution, not of the casa. Instances may occur, as they have occurred, where, though upon trial of the cause no other judgment than that of the defendant’s guilt can legally be rendered, the prosecution itself yet has very little merit, or is even mischievous in its effects upon the public peace and.order. The. construction upon which the petition insists would convert what, in the judgment of this Court, was intended to be a preliminary examination into the merits of the prosecution, in order to ascertain whether a proper regard for the public interests requires its further pursuit, into a trial of the cause. A full investigation of this kind, with a view to the determination of the guilt or innocence of the accused, would, if in its result unfavorable to the party, seriously impair that impartiality of judgment which ought to preside in the subsequent trial in Court.
A provision, in almost the same terms, contained in the ninth section of the Act of 1856, (12 Stat. 489,) investing the Eecorder of the City of Charleston with this supervisory power, is believed to have furnished the model for this. In the practical exercise of his power, that officer, it is understood, has acted in conformity with the construction of the law herein adopted. For purposes somewhat similar, the power of preliminary examination is- exercised elsewhere by *13 the magistrate before whom the accused is brought, or by a Court organized for the occasion. In all such cases, the inquiry is limited to the purpose of ascertaining whether there is “probable or sufficient cause” for charging the prisoner with the offence; and it is only where, in the judgment of the officer or Court, there is no such cause, that he may be discharged. Virginia Code C. C., 204, 205, pp. 824, 828; 4 Bl. Com. 296. A larger discretion is, by the section under consideration, vested in our District Judges, — a discretion such as is often and well exercised by grand-juries and prosecuting officers, which regards not alone the probability of sufficiency of the cause shown for charging the accused with the offence, but also the propriety, under the particular circumstances, of pursuing the offender to punishment, and the effect likely to be produced on the public interest by the further prosecution of the charge. The purpose of the exámination here directed is to enable the officer wisely to exercise this discretion, for the protection of individuals, and the good of the community. . If, upon such occasion, counsel attend him, it is only by his sufferance and for the aid which he may derive from their learning and skill. In the discharge of his official functions in this behalf he is not responsible to the accused, who has no right to demand the reasons of his determination therein, nor can he be controlled, in the exercise of the discretion which the law has given him, by this Court.
The motion to reverse the order of the District Judge is refused, and the appeal dismissed.
Dtjnkin, C. J., and Wabdlaw, A. J., concurred.

Motion refused.